```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

FRANCISCO HENRIQUEZ,

               Petitioner,

vs.                           Case No. 2:09-cv-683-FtM-29DNF

SECRETARY, DOC, FLORIDA ATTORNEY GENERAL,

               Respondents.
_____

## OPINION AND ORDER

### I. Status

Francisco Henriquez (hereinafter "Petitioner") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254 on October 15, 2009. Petitioner is proceeding on his Amended Petition (Doc. #26, "Amended Petition"). Petitioner filed a Memorandum of Law in support of his Amended Petition (Doc. #26-1, "Memorandum of Law") and attached an exhibit in support (Doc. #26-1 at 11-12). The Amended Petition challenges Petitioner's 2003 conviction, after a jury trial, for attempted second degree murder (count I); and, possession of cannabis, over 20 grams (count II). Amended Petition at 1. Petitioner's sentence and conviction were *per curiam* affirmed on direct appeal on November 10, 2004. Henriquez v. State, 888 So. 2d 635 (Fla. 2d DCA 2004); Exh. 4. The Amended Petition identifies two grounds for relief:

>  (1) Petitioner was deprived of his 14th Amendment Right to a Fair Trial When the Sanctity of the Jury was Invaded by the Presence of Two Alternate Jurors; and
>
>  (2) Petitioner was denied his 6th Amendment Right to Effective Assistance of Counsel When Counsel Failed to Investigate Exculpatory Material.

Amended Petition at 5, 7.[1]

Respondent filed a Response to the Petition (Doc. #19, Response), and attached exhibits in support (Exhs. 1-29). After Petitioner filed an Amended Petition, Respondent filed a Supplemental Response to the Amended Petition (Doc. #29. Supp. Response). Petitioner filed a Reply to the Supplemental Response (Doc. #38, Reply). This matter is ripe for review.

## II.  Applicable § 2254 Law

### A.  Deferential Review Required By AEDPA

Petitioner filed his timely Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9

---

[1] Petitioner included an additional ground in his original Petition that was not included in his Amended Petition: trial counsel rendered ineffective assistance in interfering with Petitioner's right to testify at trial. Petition at 6. Petitioner did not include this ground in his Amended Petition or his Memorandum of Law in Support of his Amended Petition. See generally Docs. #26, 26-1. As more fully discussed *infra*, the Court deems this ground waived by Petitioner.

(11th Cir. 2007). Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the

petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior"

-4-

Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. Id.

### B. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. ___, 130 S. Ct. 13, 16 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted).  It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny.  Id.  A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable

professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

### III. Findings of Fact and Conclusions of Law

Petition contends "that an evidentiary hearing is necessary in this case." Reply at 3. Petitioner argues that because no post conviction evidentiary hearings were held in the State court, this Court "should review the petition *de novo*." Id. The record reflects that the post conviction court did hold an evidentiary hearing on one ground raised in Petitioner's Rule 3.850 motion - - whether counsel was ineffective for interfering with Petitioner's right to testify at trial. Exhs. 14-15.

Nonetheless, the Court has carefully reviewed the record and, for the reasons more fully set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v.

-7-

Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). See also San Martin v. McNeil, 633 F.3d 1257, 1271 (11th Cir. 2011)(stating "[a]n evidentiary hearing may be necessary where the material facts are in dispute, but a petitioner is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics.")(internal quotations and citations omitted).

**Original Ground Waived**

Petitioner's original Petition set forth only one ground for relief: counsel was ineffective for improperly influencing Petitioner's decision not to testify at trial in violation of the Sixth Amendment. Petition at 6. In support, Petitioner contends that counsel misinformed him that if he chose to testify "the State could bring out the nature of his prior felony conviction in the presence of the jury." Id. at 7. Petitioner raised this ground in his Rule 3.850 motion, Exh. 6. The post conviction court, after granting Petitioner an evidentiary hearing on this ground, Exhs. 14-15, denied Petitioner relief on this ground. Exh. 16. The appellate court *per curiam* affirmed after appeal of the denial of

this ground. Exh. 21. In denying Petitioner relief, the post conviction court found:

> . . . according to Defendant's December 13, 2007 evidentiary hearing testimony, his trial counsel informed him that if he testified at trial, the prosecutor would be able to ask him if he had prior felonies and would make him look bad in front of the jury. Defendant did not state that his trial counsel told him that the details of his prior convictions would be used against him at trial if he chose to testify. Although Defendant's trial counsel had no independent recollection of her conversations with Defendant, she did testify at the evidentiary hearing that she had never misadvised a client in the manner alleged by Defendant in his Motion.

Exh. 16, ¶2. Based upon Petitioner's testimony the post conviction court found that Petitioner "has failed to establish that his trial counsel affirmatively misadvised him that the details of his criminal history would be revealed to the jury if he chose to testify at trial." Id., ¶3.

The Court finds that Petitioner waived this ground for review by this habeas Court because Petitioner did not raise this ground in his Amended Petition. See generally Doc. #26. In granting Petition's motion to amend, the Court expressly ordered that the amended petition shall "include all of Petitioner's claims challenging his State conviction. The amended petition shall be a free-standing document, and shall not incorporate by reference the claims set forth in the Petition or Supplement." November 1, 2010 Order (Doc. #16) at 2, ¶2.

In the alternative, the Court finds this ground is without merit. Here, the record supports the trial court's findings.

Petitioner testified at the hearing that his attorney advised him that if he testified, the state attorney would present his record. Exh. 29, Vol. VII at 1272. Defense counsel testified that she always tells her clients that if they choose to testify, the prosecutor can ask them how many prior felonies or crimes of dishonesty they have. Id. at 1282. Counsel further testified that she would never tell a client that the state attorney would be able to discuss the nature of the past crimes, adding "I think that's one of the things I knew even before I started practicing." Id. at 1283. Consequently, in the alternative, the record establishes that the state court decision was neither contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts.

**Ground One**

In his first ground for relief, Petitioner contends that the trial court erred in failing to discharge the two alternate jurors prior to deliberations. Amended Petition at 5.² In support, Petitioner claims that the "record, reflects that, at the conclusion of the trial, the six-member jury and two alternate jurors were

---

²Petitioner did not raise this ground in his initial Petition but raised it as "Ground Two" in his "Additional Claim to Petition for Writ of Habeas Corpus," Doc. #11 at 2, filed prior to Petitioner filing his Amended Petition. However, in his previous pleading, Petitioner claimed that the post conviction trial court erred in procedurally barring this claim, as opposed to arguing the trial court denied him a fair trial. See generally Id. Because the record refutes the factual basis of this ground, the basis upon which Petitioner assigns error is not relevant to the Court's analysis.

instructed and sent to the jury room to deliberate." Memorandum of Law at 2. Petitioner argues that it is the State's responsibility to prove that the presence of the alternate jurors was harmless. Id. at 3. Respondent submits that the claim is without merit because the record does not support Petitioner's allegation that the two alternate jurors engaged in deliberations, and/or Petitioner can not demonstrate prejudice. Supp. Response at 5.

The Court finds that Petitioner has failed to demonstrate the factual underpinnings of his claim. At the outset, it is Petitioner's burden to prove that he is entitled to habeas relief. Williams v. Allen, 598 F.3d 778, 788 (11th Cir. 2010)(reaffirming "[i]t is the petitioner's burden to establish his right to habeas relief and he must prove all facts necessary to show a constitutional violation"). In order to obtain habeas relief on this ground, Petitioner has to prove that the alternate juror were indeed present during deliberations and that he was actually prejudiced by the alternates' presence. U.S. v. Olano, 507 U.S. 725, 739-40 (1993)(mere presence of alternate jurors in jury room does not affect defendant's substantial rights unless presence prejudiced accused); U.S. v. Acevedo, 141 F.3d 1421, 1424 (11th Cir. 1998)(alternate juror's presence during deliberations not *per se* reversible error unless prejudicial influence by alternate jurors established).

Here, the record indicates that no alternate jurors were even selected to sit for Petitioner's case. In particular, the trial

transcript reveals that six individuals were selected as jurors: Mr. Paxton, Mr. Harold Adams, Mr. Robert Kelly, Ms. Caren Marsh, Ms. Sandra Peters and Ms. Joyce Vice.  Exh. 28, Vol. I at 126. Petitioner accepted the jury panel.  Id.  Afterwards, the following exchange took place:

> THE COURT:     Okay.  Thank you sir.  What about an alternate.  As I read the rules, you each get a strike for an alternate.  Could you agree on Janet Sherman?
>
> MS. BEARD:     Considering her brother-in-law is Larry Justham, I couldn't agree on that.
>
> THE COURT:     You won't take her.  How about Mark Stockley?
>
> MR. GALASSO:   I would strike him.  And that would leave Mr. Garcia.  I would hate to have sit without - -
>
> THE COURT:     Do you need an alternate?
>
> MR. GALASSO:   If it was going to be Mr. Garcia and pull him out of work, I don't feel it is that important.
>
> MS. BEARD:     Understanding we are going to have a mistrial if something happens to somebody, because I understand that, but we are not going to accept a five person verdict in the case.  I don't have a problem.  I expect everybody is going to be back.  I tend to agree with him in that respect.
>
> THE COURT:     What about Alice Thiele?
>
> MS. BEARD:     If we are going to have an alternate, I would rather have Rafael Garcia only because he is Hispanic, as well.
>
> THE COURT:     We are not going to have an alternate. That's what my decision is.  So counsel, we have to swear them in.  I will take a break.  Do you want me to put them in the jury room and let them settle down.

Id. at 126-128.  After the exchange, the trial court read off the names of the six individuals chosen for the jury panel, and excused

the remaining potential jurors stating "You may leave except for the six people [sic] I read their names." Id. at 129. Consequently, Petitioner cannot establish that there were alternate jurors chosen, yet alone establish that they "actually participated in the deliberations" or that their "presence exerted a 'chilling' effect on the regular jurors." Olano, 507 U.S. at 739 (citations omitted).

Consequently, the Court finds that this ground is refuted by the record and denies Petitioner relief on Ground One.

**Ground Two**

In his second ground for relief, Petitioner faults trial counsel for failing to investigate exculpatory evidence. Amended Petition at 7. More specifically, Petitioner claims that trial counsel failed to have the knife, which was found on Petitioner when he searched by the police, tested for the victim's DNA despite Petitioner insisting that counsel have the knife tested. Memorandum of Law at 7. Respondent submits that Ground 2 is without merit. Supp. Response at 9.

Petitioner raised this claim in his Rule 3.850 motion as his second ground for relief. Exh. 6. The post conviction court denied Petitioner relief on this claim without an evidentiary hearing. Exh. 14, ¶4. The appellate court *per curiam* affirmed the post conviction court's denial of Petitioner's Rule 3.850 motion. Exh. 21.

The record reveals that Petitioner filed a "Certificate of Analysis" with the trial court, which established that the knife was

-13-

sent for DNA testing. Doc. #26-1 at 11-12, "Certificate." The Certificate, which was addressed to the Lee County Public Defender's Office, attention Ms. Beard, indicates that a "sealed envelope containing a pocketknife" was received by LabCorp on January 13, 2005. Id. The Certificate states the "Results" as follows:

> Presumptive chemical testing of the pocketknife (Item 2) for presence of blood revealed negative results.
>
> An attempt to extract deoxyribonucleic acid (DNA) from the pocketknife (Item 2) failed to yield sufficient quantities to develop a DNA profile through polymerase chain reaction (PCR) analysis.

Id. In denying Petitioner relief, the post conviction court found that there is no reasonable probability that such evidence would have changed the outcome of the proceedings. In particular, the court held:

> Thus, it appears that the laboratory did not conduct DNA testing on the knife because they were unable to yield a sufficient biological sample with which to test.

Exh. 14, ¶4.

The post conviction court determined that Petitioner could not demonstrate prejudice as a result of counsel's failure to test the pocketknife prior to trial. As noted above, in order to prove ineffective assistance counsel, Petitioner must prove both that counsel was deficient; and, the deficient performance prejudiced the defense. "The performance prong always entails a deferential review of counsel's conduct." Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011)(citing Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir.), cert. denied, ___ U.S. ___, 131 S. Ct. 177, 178

L. Ed. 2d 106 (2010). See also Premo v. Moore, 562 U.S. ___, 131 S. Ct. 733, 740, 178 L. Ed. 2d 649 (2011) ("Even under *de novo* review, the standard for judging counsel's representation is a most deferential one."). In evaluating the prejudice prong, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." Id. at 791. "The likelihood of a different result must be substantial, not just conceivable." Id. at 792. Although, the lab concluded that there was not a sufficient quantity of blood on the knife to perform DNA testing, there is not a reasonable probability that the result of the trial would have been different. Here, the evidence against Petitioner also included that he was apprehended immediately after the incident coming out of the other side of the woods in which the perpetrator ran, he was identified at the scene by three witnesses, he was wearing the clothing and hat described by the witnesses when he was apprehended, a old rusty knife, that matched the description of the knife identified by the victim, was found on his person when he was apprehended, and the victim identified Petitioner as her assailant. Consequently, the Court finds that Petitioner has not demonstrated that the state court's determination was contrary to, or involved an unreasonable application of Strickland and denies Petitioner relief on Ground Two.

THEREFORE, it is now

**ORDERED AND ADJUDGED:**

1. The Amended Petition for Writ of Habeas Corpus (Doc. #26) is **DENIED** for the reasons set forth herein.

2. The **Clerk of the Court** shall enter judgment accordingly; terminate any pending motions; and close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __21st__ day of March, 2013.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record